UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CAROLYN L. M.[1],            )
                            )
            Plaintiff,      )
                            )
      v.                    )   Case No. 1:21-cv-229
                            )
KILOLO KIJAKAZI,            )
Commissioner of Social Security,   )
                            )
            Defendant.      )

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the

Commissioner filed by the plaintiff, Carolyn M., on June 11, 2021.  For the following reasons,

the decision of the Commissioner is **AFFIRMED.**

*Background*

The plaintiff, Carolyn M., filed an application for Disability Insurance Benefits on March

16, 2016, alleging a disability onset date of February 18, 2009.  (Tr. 12).  The Disability

Determination Bureau denied Carolyn M.'s applications initially on May 6, 2016, and again

upon reconsideration on July 26, 2016.  (Tr. 103-14).  Carolyn M. subsequently filed a timely

request for a hearing on September 22, 2016.  (Tr. 138-39).  A hearing was held on November 2,

2017, before Administrative Law Judge (ALJ) John Carlton.  (Tr. 58).  Vocational Expert (VE)

Marie Barhydt also appeared at the hearing.  (Tr. 58).  The ALJ issued an unfavorable decision

on March 13, 2018.  (Tr. 9-19).  The Appeals Council denied review making the ALJ's decision

the final decision of the Commissioner.  (Tr. 1-6).

District Judge Philip Simon, adopting the Findings, Report, and Recommendation of

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

Magistrate Judge John Martin, remanded the case to the Commissioner for further proceedings. Specifically, the ALJ was instructed to properly account for any restrictions in gripping and handling, as well as the potential need for Carolyn M. to use a nebulizer during her workday. (Tr. 744-47).  A second hearing was held on October 23, 2020, before Administrative Law Judge (ALJ) Kathleen Winters (via telephone).  (Tr. 655).  Vocational Expert (VE) Charles McBee also appeared at the hearing.  (Tr. 655).  The ALJ issued an unfavorable decision on February 16, 2021.  (Tr. 634-49).

First, the ALJ found that Carolyn M. last met the insured status requirements on December 31, 2009.  (Tr. 640).  At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Carolyn M. had not engage in substantial activity from the alleged onset date of February 18, 2009, through her date last insured of December 31, 2009.  (Tr. 640).

At step two, the ALJ determined that Carolyn M. had the severe impairments of chronic obstructive pulmonary disease (COPD) and obesity.  (Tr. 643).  The ALJ found that the above medically determinable impairments significantly limited Carolyn M.'s ability to perform basic work activities.  (Tr. 18).  The ALJ also found that Carolyn M. suffered from the non-severe impairment of carpal tunnel syndrome.  (Tr. 640).  The ALJ indicated that this impairment caused no more than minimal limitations on her ability to engage in basic work activities, and therefore she considered it non-severe.  (Tr. 640-41).  Carolyn M. also alleged disability due to right knee pain and gastrointestinal impairments.  (Tr. 643).  However, the ALJ indicated that the medical evidence did not support her allegations, and those impairments were considered non-medically determinable.  (Tr. 643).

At step three, the ALJ concluded that Carolyn M. did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 643).  The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment.  (Tr. 643-44).

After consideration of the entire record, the ALJ then assessed Carolyn M.'s residual functional capacity (RFC) as follows:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except can occasionally climb stairs or ramps, balance, stoop, or crouch; can never climb ladders, ropes, scaffolds, kneel, or crawl.  Must avoid concentrated exposure to unprotected heights, fumes, dusts, odors, gases, and poor ventilation, extreme heat, extreme cold, and humidity.  Can frequently handle or finger.

(Tr. 64).  After considering the evidence, the ALJ found that Carolyn M.'s medically determinable impairments could have reasonably been expected to cause the alleged symptoms. (Tr. 644).  However, she found that the medical record did not document sufficient objective medical evidence to substantiate the severity of the pain and degree of functional limitations that Carolyn M. alleged.  (Tr. 644).

At step four, the ALJ found that Carolyn M. was capable of performing her past relevant work as an electrical accessories assembler during the relevant period.  (Tr. 646).  The ALJ also found other jobs that existed in significant numbers in the national economy that Carolyn M. could perform.  (Tr. 646-48).  Therefore, the ALJ found that Carolyn M. was not under a disability, as defined in the Social Security Act, from February 18, 2009, the alleged onset date, through December 31, 2009, the date last insured.  (Tr. 649).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within

3

the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520, 416.920**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b), 416.920(b)**.

4

If she is, the claimant is not disabled, and the evaluation process is over.  If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities."  **20 C.F.R. §§ 404.1520(c), 416.920(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.  However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work.  If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled.  **20 C.F.R. §§ 404.1520(e), 416.920(e)**.  However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f);** *see Biestek v. Berryhill,* 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Carolyn M. has requested that the court remand this matter for additional proceedings.  In her appeal, Carolyn M. has offered only one argument in favor of remand. Carolyn M. alleges that the ALJ erred in the RFC determination by failing to account for limitations related to her

hypertension and the side effects of her hypertension medication.

"The RFC is an assessment of what work-related activities the claimant can perform despite his limitations." ***Young v. Barnhart***, 362 F.3d 995, 1000 (7th Cir. 2004); *see* **20 C.F.R. § 404.1545(a)(1)** ("Your residual functional capacity is the most you can still do despite your limitations"); **SSR 96-8p**, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pian, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities"). The RFC is based upon medical evidence – including statements from medical sources about what the claimant still can do – as well as "other evidence, such as testimony by the claimant or his friends and family." ***Craft v. Astrue***, 539 F.3d 668, 676 (7th Cir. 2008); **20 C.F.R. § 404.1545(a)(3)**.

SSR 96-8p explains how an ALJ should assess a claimant's RFC at steps four and five of the sequential evaluation. In a section entitled, "Narrative Discussion Requirements," SSR 96-8p specifically spells out what is needed in the ALJ's RFC analysis. This section of the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

**SSR 96-8p** (footnote omitted). Thus, as explained in this section of the Ruling, there is a difference between what the ALJ must contemplate and what she must articulate in her written decision. "The ALJ is not required to address every piece of evidence or testimony presented,

but [she] must provide a 'logical bridge' between the evidence and [her] conclusions."  ***Getch v. Astrue***, 539 F.3d 473, 480 (7th Cir. 2008) (quoting ***Clifford v. Apfel***, 227 F.3d 863, 872 (7th Cir. 2000)); *see **Moore v. Colvin***, 743 F.3d 1118, 1123 (7th Cir. 2014).  Although the ALJ does not need to discuss every piece of evidence, she cannot ignore evidence that undermines her ultimate conclusions.  ***Moore,*** 743 F.3d at 1123 ("The ALJ must confront the evidence that does not support his conclusion and explain why that evidence was rejected") (citing ***Terry v. Astrue***, 580 F.3d 471, 477 (7th Cir. 2009); ***Myles v. Astrue***, 582 F.3d 672, 678 (7th Cir. 2009); ***Arnett v. Astrue***, 676 F.3d 586, 592 (7th Cir. 2012)).

Carolyn M. argues that the ALJ failed to properly consider her testimony that her hypertension medication caused frequent urination and that she required hourly bathroom breaks as a result.  She notes that the medical record stated in multiple locations that she was on medication and that the medication's side effects include frequent urination.  (Tr. 277, 284).  She also refers to her testimony in the first hearing, wherein she stated that her medication caused frequent urination, requiring hourly bathroom breaks.  (Tr. 84).  However, the only mention of frequent urination in the medical record is her brief testimony regarding it.  (Tr. 84).  Moreover, the attorney specifically asked her about symptoms starting "now," at the 2017 hearing, and there was nothing in Carolyn M.'s testimony to indicate that there was a need for hourly bathroom breaks during the relevant time period.  (Tr. 84).

Even if Carolyn M.'s testimony could have been reasonably understood to include the relevant time period, her testimony at the 2017 hearing was the only mention of frequent urination in the entire medical record.  There was no indication in the record that either her hypertension or any side effects from the medication caused any symptoms or limitations.  A diagnosis alone does not prove disability, and a claimant must prove that her impairments cause

7

specific functional limitations. ***Weaver v. Berryhill***, 746 F.App'x 574, 578-79 (7th Cir. 2018). Neither the medical record nor Carolyn M.'s brief provides any support for her assertion that she required hourly bathroom breaks.

Carolyn M.'s assertion that she must be suffering from a side effect of her medication is nothing more than mere speculation. She points to no evidence in the record outside of one comment made during the 2017 hearing to support this allegation. Carolyn M. cites to case law holding that the ALJ must consider all the relevant evidence and consider both the severe and non-severe impairments in her determination. *See* **20 C.F.R. § 404.1545**; **SSR 96-8p**. Yet, she fails to point to any medical evidence in the record that the ALJ failed to consider. The only evidence that Carolyn M. considers is evidence that she was taking medication, but there is no evidence that she was experiencing side effects from those medications, or that the side effects were severe enough to warrant limitations in the RFC.

Carolyn M. also argues that the ALJ should have included hypertension as an impairment in the decision. However, as Carolyn M. points out in her own brief, there is almost no mention of hypertension in the medical record during the relevant period. There is one note from her primary physician that indicated that she was on a medication that is prescribed for hypertension, and an emergency room report noted hypertension as part of her medical history. (Tr. 277, 284). There was no indication in the medical record that her hypertension was causing her any limitations or symptoms during the relevant period. The ALJ is not required to consider an impairment or any limitations resulting from medication if there is no evidence in the medical record indicating that either the impairment or the medication were causing any limitations during the relevant time period.

The claimant bears the burden of supplying evidence to prove her claim of disability.

*Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006); *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004).  Carolyn M. has provided no evidence that her hypertension was causing any symptoms or limitations during the relevant time period.  She also fails to provide any further limitations that the ALJ should have included to accommodate her hypertension.

The ALJ did not err in failing to consider or discuss evidence which did not exist in the medical record during the relevant time period.  Carolyn M. is merely speculating that her medication might cause frequent urination, as that is a listed side effect of the medication.  She is also speculating that if she is on medication for hypertension, then she must be suffering from limitations caused by her hypertension.  Neither of these assumptions is supported by the record, and the ALJ may not engage in speculation about the meaning of evidence in the record.  *See Moss v. Astrue*, 555 F.3d 556, 560-61 (7th Cir. 2009); *Blakes ex. Rel. Wolfe*, 331 F.3d 565, 570 (7th Cir. 2003).  The Court cannot remand a case because a claimant wishes the ALJ had engaged in speculation regarding her hypertension, as there is no evidence in the record to support her assertions.

Based on the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.

ENTERED this 5th day of July, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge

9